The Kingston Mutual Insurance Company *vs.* Clark and Decker, adm'rs &c. of Thomas Clark.

A surety in the official bond of an officer of a corporation, whose term of office is one year, is not liable for defaults occurring beyond the first year; although the principal is continued in office for a longer period, by new appointments made from year to year.

Thus, where D. on being appointed secretary of a mutual insurance company for the term of one year, executed a bond to the company, with C. as surety, conditioned for the faithful performance by D. of the duties of said office " during his continuance in office by virtue of his appointment;" and at the end of the first year, and of each year thereafter, for several years, D. was re-elected secretary by the corporation, without any new bond being required or given; *Held,* that C. was not liable as surety for any defaults on the part of D. occurring after the first year from the date of the bond.

ON the 2d day of June, 1851, Daniel L. Decker was appointed secretary of the plaintiffs' company, and thereupon entered into a bond, in the penal sum of $500, with Thomas Clark as his surety, and conditioned as follows : " Whereas the above bounden Daniel L. Decker hath been

duly appointed secretary of the Kingston Mutual Insurance Company; now the condition of this obligation is such, that if the said Daniel L. Decker shall well and truly in all things perform and execute the duties of the said office of secretary of said Kingston Mutual Insurance Company; during his continuance in office, by virtue of his appointment, then this obligation to be void, otherwise to remain in full force and virtue." Decker was continued in office from that time, by annual appointments, until June, 1855. It was his duty, as clerk, to receive money belonging to the company and pay it over to the treasurer. When he went out of office he was in arrears to the company for money received by him and not paid over, to the amount of $990.41; all of which accrued, however, after his first year in office. The company was chartered in 1836, on the model of the Jefferson County Mutual Insurance Company; but the act of incorporation did not fix the time of office of the secretary. Nor is there any law, except the by-laws, requiring a secretary at all. (*Laws of* 1836, *p.* 42.) By section one of the by-laws, the secretary is made to hold his office for one year, and until another is appointed in his stead. The secretary, before entering upon the duties of his office, was required to give a bond, in the penal sum of $500. It was the established usage of the company to take a new bond from the newly appointed clerk, when he first entered upon the duties of his office, and hold it throughout the whole time he continued in office by reappointment, and only to require a new bond as often as the clerk was changed; which usage was known to Clark when he executed the bond. Clark died, and this action was brought against his administrators, to recover the amount due from Decker to the company. The case was tried before a referee, who decided it in favor of the defendant, on the ground that the bond was operative only during the first year, and did not cover defalcations which occurred during the subsequent years Decker held the office. The plaintiffs appealed to the general term.

*E. Cooke*, for the appellants.   I.   The established uniform custom or practice of the company, under the by-laws, of· taking a bond from the secretary to hold for the several years during which he might, by reappointment, hold the office, amounts to a practical construction of those sections which the company itself had enacted for its own guidance.   Its own action under the by-law, is the best exponent of its intention in framing it.

II.   The uniform custom or habit of the company with reference to this subject became a rule or regulation, and as such, just as binding on the company as though it were written into their volume of by-laws.   (*Ex parte Mayor &c. of Albany*, 23 *Wend.* 280.   *Ang. & Ames on Corp.* §§ 328, 329, 238, 284.   *Atty. Gen.* v. *Middleton*, 2 *Vesey, sen.* 328, 330. *Union Bank of Maryland* v. *Ridgely*, 1 *Harris & Gill*, 413.) The secretary enters upon the duties of the office but once. He qualifies but once, and having qualified he holds the office under that qualification until some person *other than himself* is chosen and qualified.   Thus effect is given to the word "other."   This is the plain import of the by-laws, construed in connection with this usage, which becomes one of them.

III.   The secretary is to hold for one year, and until another is appointed in his stead.   (5 *John.* 168.   9 *Paige*, 511.   18 *Wend.* 518.   3 *Pick.* 335.)   This means until the office is filled by another.   It requires that the new appointee shall qualify, in order to displace the old one.   The office is not to become vacant.   If, therefore, Decker can be regarded as *another appointed, instead of himself*, his new appointment never took effect; for he never qualified under it.   He therefore continued throughout to hold the office under his original appointment.   (*Frankfort Bank* v. *Johnson*, 23 *Maine R.* 322.)

*J. K. Porter*, for the respondent.   FIRST.   The legal effect of the bond was to make the surety liable for breach of duty by the principal during *the term* for which he was appointed,

and no longer. I. The *reference* to the appointment in the bond is precisely equivalent to a specific recital of its terms. (*See authorities cited infra.*) II. The words " during his continuance in office by virtue of his appointment," obviously refer to the antecedent appointment *recited,* and not to *future* appointments. III. Words in the condition of an official bond importing *continuing* liability are in law uniformly restrained by their recital, and their effect limited to the duration of the term, unless the case of future elections or appointments is *expressly provided for.* (*Lord Arlington* v. *Merrick,* 2 *Saund.* 411, 413, 4. *Liverpool Water Works Co.* v. *Atkinson,* 6 *East,* 507. *So. Carolina Ins. Co.* v. *Smith,* 2 *Hill's S. Car. Rep.* 590. *People* v. *Aikenhead,* 5 *Calif. R.* 106. *United States* v. *Kirkpatrick,* 9 *Wheaton,* 720, 733, 4.) (1.) In the case in 3 Saunders, 411, 413, 4, the term of office was six months, but the undertaking in the bond was "*for and during all the time* that he, the said Thomas Jenkins, shall *continue* deputy postmaster ;" and it was held by Sir Matthew Hale, Ch. J. that the general words were operative only during the continuance of the original term. (2.) In the case in 6 East, 207, the collecting agent of the company was appointed for twelve months, but the condition was that he should discharge his duties " *at all times thereafter* during the *continuance* of such employment, and *for so long* as he should continue to be employed ;" and Lord Ellenborough held that the undertaking was limited by the term. (3.) In the case in 2 Hill's So. Car. R. 590, the bond was from the president of an insurance company, and made no reference to the term of office, which was *one year by the by-laws;* and the court of appeals held that it was operative only for the year, though he was for several years re-elected, and no further bond exacted, and though the condition was for his fidelity "*during continuance in office.*" (4.) In the case in 9 Wheaton, 734, Story, J. says : " The bond in question was given with express *reference* to this commission ; and its obligatory force was consequently confined to acts done while

*that commission* had a legal continuance, and could not go beyond it." IV. The decisions are uniformly to the same effect, where the duration of the term is fixed, but *not referred to in the bond.* (1.) It was so held in the case of *Hassell* v. *Long,* where the question arose on a collector's bond, *not reciting the term,* which in fact was annual, and undertaking that he should pay over all moneys collected on taxes " which should or might thereafter be imposed;" and this though the taxes for the *current* year had already been imposed. (2 *Maule & Sel.* 363, 369, 70.) (2.) The same was held in the following cases, the bond in each instance being *silent* as to the term, and the language of the condition *continuous* in its character. (*Seadley* v. *Evans,* 9 *Eng. Com. Law,* 305, 309, 10. *Peppin* v. *Cooper,* 2 *Barn. & Ald.* 431. *Bigelow* v. *Bridge,* 8 *Mass. R.* 275. (3.) " A surety in the official bond of an officer whose appointment is annual is not' liable *beyond* the year, though the office *continues by law* until a successor be appointed." (*City of Wilmington* v. *Horn,* 2 *Harr.* 190, 194, 5.) (4.) " Where an officer who is *elected annually* gives a bond for the faithful discharge of the duties of his office, his securities are bound only for one year, although there is *no time specified in the bond,* and although he should be re-elected several years in succession." (*South Car. Soc.* v. *Johnson,* 1 *McCord,* 41.)

SECOND. The evidence of a *custom* by the officers of this company to neglect compliance with the by-laws, does not change the legal effect of the bond executed by the intestate. I. In the case of the *United States* v. *Kirkpatrick,* where a similar ground was taken, as to the bond of a collector, continuing to hold office under successive commissions, Story, J. says, " It has been suggested that the *practice* of the government has been to consider such commissions as one continuing commission. But whatever weight the practice of the government may be entitled to in cases of *doubtful* construction, it can have no influence to change the clear language of the law." (9 *Wheat.* 735.) II. The contract in this case

refers expressly to the *antecedent* appointment, and it cannot, by proof of any custom of the plaintiff, be converted into a contract as to *future* appointments.    III.  The plaintiff cannot resort to usage, either to control settled rules of law, or to change the legal effect of the contract.    (*Hinton* v. *Locke*, 5 *Hill*, 437.   *Frith* v. *Barker*, 2 *John*. 335.   *Vail* v. *Rice*, 1 *Seld*. 155.   2 *id*. 72.   10 *Mass*. 26.   6 *Hill*, 174.)    IV.  But the custom relied on is irrelevant; being simply a usage of the plaintiff to disobey its own by-laws, and to *waive* security on reappointing its officers.

*By the Court*, GOULD, J.   In this case the true tenor and construction of the bond executed by Thomas Clark, the intestate, must be the same now, or at the time this suit was brought, as they were at the time the bond *was executed*. Then it was the fact, and was known to be, (certainly by the plaintiffs) that Daniel L. Decker had been elected their secretary *for but one year;* and that it would be *their duty*, at the end of that year, to elect a secretary, either another person or the same person.   We cannot intend that they did *not* mean to discharge their duty.   And, of course, they understood the appointment to be such that his *intended* "continuance in office," by virtue of *that* appointment, was to be for but one year.   And in fact at the end of that year they re-elected him ; and it nowhere appears that it was an act necessary to his entering on the discharge of the office, that he should give a bond, though a bond was required by their by-laws.   Had he, this first year, by consent of the company, actually entered on the performance of his duties as secretary, without giving a bond, I think he would have been secretary, and not (as in the case of a public officer,) a mere intruder.   And that, the subsequent year, he gave no bond, does not, I think, make him secretary merely by *holding over*. He must be held to be in, by virtue of his *new* appointment. But even were this not so, as above stated, when the bond was *executed*, he was regularly elected *for one year*, and the

bond must have been given and received with that construction as a necessary part of the instrument ; not to be varied, or extended, by any neglect on the part of the obligees to perform their duty of electing a secretary at the end of that year.

The case seems to me precisely covered by that of *Hassel* v. *Long*, (2 *Maule & Sel.* 370–1,) and the *reason* there given seems to me entirely conclusive as to the justice of such a construction. "If the bond may continue beyond the current year, it may do so *for the life* of the collector, during the whole period of his remaining in office. It will attach, on the surety, *whenever* the person for whom he undertakes is in default ; *and we know of no means subsisting at common law, by which the surety could redeem himself from this interminable risk.*"

The judgment entered on the report of the referee should be affirmed.

Judgment affirmed.

[ALBANY GENERAL TERM, December 3, 1860.   *Gould, Hogeboom* and *Peckham,* Justices.]