SILAS J. OVERACRE, Trustee, &c., Respondent, *v.* JONATHAN M. GARRETT et al., Appellants.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

The sureties upon the bond of a school district collector are not liable for his refusal to pay over, upon order of the district trustee, moneys received during a term of office which has expired at the time the order is made, and with respect to which term the bond was given, the collector being his own successor in office.

Overacre v. Garrett.

THIS was an appeal from a judgment rendered on appeal in the Onondaga County Court in favor of the plaintiff.

The action was brought in a justices' court, to recover the sum of thirty-five dollars, on a bond given by the defendant, William B. Garrett, as principal, and the other defendants as sureties, to the plaintiff, as trustee of school district No. 3 in the town of Salina, dated November 13, 1868, and conditioned that Garrett should well and truly discharge the duties of collector of that district.

After this bond had been executed and delivered, a warrant was delivered to Garrett, as collector, issued by the plaintiff, as sole trustee of the district, requiring him to collect of the inhabitants thereof named in the warrant the sum of $700, voted at a district meeting duly held for the purpose of repairing the school-house of the district.

The collector proceeded to, and did, collect the amount named in the warrant, and before the next annual meeting paid out, upon the orders of the plaintiff, all of such moneys, except the sum of forty dollars. At the annual meeting in October, 1869, he stated the amount collected and paid out, and exhibited vouchers for the payments, and admitted that forty dollars of the moneys so collected remained in his hands.

At the same meeting Garrett was again elected collector of the district for the then ensuing year, and he, as principal, and Jonathan M. Garrett, as surety, executed and delivered to the plaintiff a bond in the penal sum of $1,000, conditioned that he would well and truly collect and properly account for all moneys received by him as collector, and well and faithfully execute the duties of the office of collector.

On the 17th December, 1869, the plaintiff drew a draft or order on Garrett, as collector, to the order of Jessie Conly, for thirty-five dollars, which had been collected and was remaining in his hands. This order or draft was presented to the collector for payment, and payment thereof was refused. The order was drawn for the purpose of paying wages due Miss Conly as a teacher in the district.

The justice rendered judgment in favor of plaintiff for thirty-five dollars damages and $9.40 costs.

An appeal was taken to the Onondaga County Court, where the cause was retried without a jury, and judgment rendered in favor of the plaintiff for the sum of thirty-five dollars, and interest from December 19, 1869, together with the costs of the action.

From that judgment, and from an order refusing a new trial, the defendants appeal.

*Ruger, Wallace & Jenny,* for the appellants.

*A. L. Johnson,* for the respondent.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. The defendants, who are sureties in the bond on which the action is brought, resist a recovery, on the ground that their liability ceased with the year for which their principal was elected, and that for the year for which they were liable there was no breach of the condition of the bond. The condition was that the said colletor should well and truly, and in all respects, duly and faithfully execute all the duties of his office.

The duties of the collector are prescribed by the statute, and are to receive of the persons taxed the amount payable by each, and, if not paid voluntarily, then to enforce payment by seizure and sale of the goods and chattels of the persons assessed, in the same manner as collectors of towns enforce payment by virtue of warrants issued by the board of supervisors for the collection of State, county and town taxes. (Laws of 1864, §§ 75, 80, 81, 83, 84, 85, of article 7, of title 7 of chap. 555 of Laws of that year.)

It is also the duty of the collector to keep in his hands all moneys received and collected by him, to be by him paid out upon the order of the sole trustee, or of a majority of the trustees when there are three. He is also to report in writing

Overacre *v.* Garrett.

to the annual meeting all his collections and disbursements, and to pay over to his successor in office, when he has duly qualified and given bail, all moneys in his hands belonging to the district. (§ 88 of the same title and chapter.)

By the ninetieth section of the same chapter, it is provided that, for the recovery of all balances in the hands of the collector which he shall have neglected or refused to pay to his successor, the trustee shall have remedy on the official bond of the collector, or any action or remedy given by law. And they shall apply all such moneys, when recovered, in the same manner as if paid without suit.

The sureties on the official bond of an officer whose term of office is for a single year, are not liable for any breach of the condition happening after the expiration of the term, although the officer may be continued in office under the same or a new appointment or election. (*Kingston M. Ins. Co.* v. *Clark*, 33 Barb., 196 ; *Hassel* v. *Long*, 2 M. & S., 370 ; *Peppin* v. *Cooper*, 2 B. & A., 431 ; *Leadley* v. *Evans*, 9 E. C. L., 469.)

The only breaches that can be reasonably insisted upon either of the bonds are : 1st. The refusal to accept and pay the draft drawn by the plaintiff on the collector in December, 1869, or 2d. The omission to pay the balance in his hands to his successor in office.

As to the first, the refusal to pay did not occur during the year for which the bond in suit was given, but in the second year and while the second bond was in force.

As to the second breach, the successor to whom by the statute the duty of the collector to pay, was a person other than himself. Payment to himself would not, therefore, be a performance of the condition. And as no successor was elected, it follows that payment to a successor could not be made, and hence that condition could not be performed.

It follows, that the only condition which under the circumstances could be performed was payment on the order of the trustee. And as there was no breach of that condition during the life of the bond sued on, there could be no recovery.

.The judgment of the County Court was therefore erroneous, and must be reversed.

Judgment reversed.