The action is upon a bond of the defendants, in the penal sum of $11,000, to one Drullard, reciting that the copartnership theretofore existing between the obligee and Mr. Hubbard, one of the obligors, had that day been dissolved, and the obligors had purchased the interest of obligee therein, and had assumed and agreed to pay all the debts and liabilities of said copartnership, and conditioned that if they should indemnify and save harmless the obligee "from all and singular the debts and liabilities that may be existing against said copartnership, then the above obligation to be void; otherwise, to be and remain in full force and virtue. Liabilities as per schedule of indebtedness hereto attached." Annexed to the bond is a schedule of the property and assets of the firm, and a balance-sheet showing the value of the interest of the obligee, and the amount going to him on the dissolution; ascertained by deducting from the value of the assets the amount of certain specified items of firm indebtedness. Drullard was sued by the present plaintiffs upon an obligation of the copartnership, and for a debt not *Page 185 
mentioned in the schedule of liabilities annexed to the bond, and he dying, pending the action, it was revived and continued against his personal representatives, and upon a recovery of a judgment against them they assigned the bond in suit to the plaintiffs. The first objection to a recovery in this action is, that the obligation of the defendants is limited to the firm debts and liabilities specified in the schedule annexed to the bond.
It is a cardinal rule in the interpretation of deeds and contracts that the intention of the parties is to be carried into effect if possible. Another rule is, that they should be construed so that all parts may stand together if they are capable of such an interpretation. A covenant in large and general terms may be restrained and narrowed where the intent to restrict and narrow or qualify it is apparent from other parts of the same instrument.
The rule, as stated by Ch. J. KENT in Munro v. Alaire (2 Caines, 320), is, "that if a general clause be followed by special words, which accord with the general clause, the deed shall be construed according to the special matter." In the application of this rule it is held that the general words of an assignment are restricted by a subsequent clause referring to a schedule annexed for a more full description. (Wilkes v.Ferris, 2 J.R., 335; see, also, Moore v. Griffen, 9 Shepley [22 Maine], 350.) The rule is recognized and reaffirmed by Judge SELDEN in giving the judgment of the court in Platt v. Lott
(17 N.Y., 478); but the case was taken out of its operation by the evident intent of the parties and the clearly expressed purpose of the deed. In other words, the intent as manifested by the instrument controlled. That case was followed by Turner v.Jaycox. (40 N.Y., 470.) The instruments before the court, in both cases, were general assignments of all the property and effects of the assignors for the payment of all their debts. The intent to place all the property of every description within the trust was apparent in every part of the deeds. Although in each reference was made to a schedule of the assigned effects as annexed, it was *Page 186 
properly held that such a reference by no means indicated an intention to qualify or limit the comprehensive language before used; and that property although not mentioned in the schedule, passed to the trustee. General words may sometimes be explained or qualified by a recital. (Payler v. Homersham, 4 M. Sel., 423.) But when the operative words of a deed are clear and unambiguous a recital may not control them; or when the recital is rather of the occasion of the covenant than a statement of its general purpose and object, as in Bank of British North America
v. Cuvillier (4 L.T. [N.S.], 159), cited by the counsel for the appellants.
In the case before us one of the obligors was a stranger to the business and affairs as well as the liabilities of the firm, about to be or just then dissolved, and for the payment of the debts of which he was about to become bound. It may be assumed that all the information he had as to the assets or liabilities was derived from the schedule or balance sheet furnished at the time and annexed to the bond in suit. Some limit in amount or specification of liabilities assumed under the circumstances would be reasonable, and would be looked for in an undertaking like this. The last clause of the condition, "liabilities as per schedule of indebtedness hereto attached," was evidently added before the signing of the bond, but after it had been prepared and was ready for the signatures of the obligors. It could have no purpose other than to qualify and limit the very general clause immediately preceding, as well as the recital. It will not be assumed that it was inserted without a purpose; and that suggested is the only one that can be assigned, or that can be supposed to have been in the minds and within the intent of the parties. It is in immediate connection with the general defeasance clause of the bond, and, in view of the circumstances, should be read in connection with, and as a part of it. The phrase as it stands in the bond is isolated, and is informal; which is strong evidence that without it the instrument was not accepted by the parties as perfect; and this limitation *Page 187 
was necessary to express the agreement. The intent of the parties, by this clause, to limit and qualify the general terms of the condition, and to make this a component part of the undertaking of the obligors, is more apparent than it would be if a similar clause had been inserted by the scrivener in the preparation of the formal part of the instrument, as was the case in Wilkes v. Ferris (supra). It might find its way in the body of the instrument by the act of the scrivener, and without necessarily indicating a deliberate purpose of the parties, by it, to qualify other parts of the undertaking. Not so when inserted as in this case. We cannot strike it out or disregard it, but must give effect to it. Without considering the other questions made upon the argument, the judgment must be affirmed.
All concur.
Judgment affirmed.