## AMERICAN SURETY CO. *v.* THURBER *et al.*

### (*Superior Court of New York City, General Term.* January 7, 1889.)

BONDS—INDEMNITY BONDS—REFERENCE TO OTHER PAPERS.

Before making a levy under executions in favor of defendants and others, the sheriff demanded indemnity. A bond was given in the penal sum of $10,000, signed by plaintiff as surety, reciting the names of the execution creditors, and expressly covenanting to indemnify the sheriff against all damages which might arise from any levy under "such executions." The amount of defendants' execution was $256.79. By an agreement of indemnity executed by defendants to plaintiff it was recited that, as plaintiff had become surety for defendants on such bond for the sum of $214.52, a copy of which bond is hereto annexed, defendants would indemnify plaintiff against all loss, etc., which it might sustain by reason of having signed such bond. *Held,* that the recital of $214.52 was plainly erroneous, and that defendants became liable for all losses sustained by plaintiff on account of such bond, though some of the other execution creditors had executed like indemnity agreements.

Appeal from jury term.

Action by the American Surety Company against Francis B. Thurber and others, composing the firm of Thurber, Whyland & Co. One Mark T. Mason became indebted to the defendants, and also became indebted to a good many other persons. The defendants recovered judgment on their claim against Mason for $256.79, and the execution was issued to the sheriff, who at the same time received a large number of other executions in favor of other creditors. Before making a levy on certain property the sheriff required indemnity, when a bond was given in the penal sum of $10,000, the plaintiff becoming a surety on such bond; and the defendants executed an agreement of indemnity to the plaintiff, which recited that "whereas, at the special instance and request of the parties of the first part, and on the security hereof, the American Surety Company has become surety for said Thurber, Whyland & Co., on a certain bond to the sheriff of Columbia Co., of even date herewith, for the sum of $214.52, in an action in the supreme court of the county of New York and state of New York, wherein said Thurber, Whyland, and others are plaintiffs, and Mark T. Mason is defendant, a copy of which bond is hereto annexed, marked 'A,' and forms a part hereof: Now, therefore, in consideration of the premises  *  *  *  the said parties of the first part do hereby agree and bind themselves, their heirs, executors, administrators and assigns, as follows, to-wit:  *  *  *  That said Thurber, Whyland & Co. shall and will, at all times, indemnify, and keep indemnified, the said company from and against all loss, damages, costs, charges, counsel fees, and expenses whatsoever which said company shall or may, for any cause, at any time, sustain or incur by reason or in consequence of said company having executed said agreement; and does further covenant and agree to pay to said company, and its representatives, all damages for which said company, or its representatives, shall become responsible upon the said bond, before said company or its representatives shall be compelled to pay the same,—any sum so paid, however, to be applied to the payment of such damages; and, in case any suit, action, or other proceeding shall be commenced, or notice served on said parties of the first part, in any manner relating to or growing out of the matter or business for or on account of which the aforesaid instrument was required to be executed, immediate notice thereof shall be given to said company, at its office in New York." From a judgment for plaintiff, and order denying a motion for a new trial, the defendants appeal.

Argued before FREEDMAN and INGRAHAM, JJ.

*H. Aplington,* for appellants. *Edward C. James,* for respondent.

FREEDMAN, J. This action was brought upon an indemnity agreement executed by the defendants to the plaintiff, to recover the sums which the plaintiff had been compelled to pay. The extent of the liability of the defendants depends upon the said agreement, and this is to be construed so as to give due effect to each and every part thereof, according to the intention of the parties at the time. When thus construed, the reference in one of the recitals to the sum of $214.52 must be rejected as plainly erroneous. It does not constitute the whole of the recital as to the extent of the bond given by the plaintiff, at the request of the defendants, to the sheriff of Columbia county, but, on the contrary, the recital goes on and says, viz.: "A copy of which bond is hereto annexed, marked 'A,' and forms a part hereof." The copy of the bond thus referred to appears to have been actually annexed. It therefore forms part of the same recital, and corrects any misdescription therein. It shows the amount of liability assumed by the plaintiff to be $10,-000. It recites the names of a large number of execution creditors interested like the defendants in the proposed levy, and it expressly covenants to indemnify the sheriff against all damages, etc., which may arise from the levying upon, and making sale of, under and by virtue of "such executions," all or any personal property which he may judge to belong to such judgment debtor, etc. This clearly contemplated that the sheriff was to levy under all such executions.

With this bond in their immediate view, and annexed to their own agreement, the defendants covenanted with the plaintiff that they "will, at all times, indemnify and keep indemnified, the said company from and against all loss, damages, costs, charges, counsel fees, and expenses whatsoever, which said company shall or may, for any cause, at any time, sustain or incur by reason or in consequence of said company having executed said agreement; and does further covenant and agree to pay to said company, and its representatives, all damages for which said company or its representatives shall become responsible upon the said bond, before said company or its representatives shall be compelled to pay the same," etc. Nothing in this agreement limits the obligation of the defendants to the amount of their execution, which was $256.79, instead of $214.52, or to any pro rata share of the loss, and there is no reference to any other agreements of like character, or to any other persons who are to bear a portion of the loss. The agreement, as a whole, is a plain, direct, and specific contract on the part of the defendants to save the plaintiff harmless from the whole loss. There is no ambiguity. The operative words of the agreement being clear and unambiguous, they cannot be controlled by the erroneous recital. Holmes v. Hubbard, 60 N. Y. 183. For the same reason, it can make no difference that some of the other execution creditors executed to the plaintiff separate indemnity agreements for the whole loss similar to that given by these defendants. If all the execution creditors, including the defendants, had executed to the plaintiff a joint agreement, a different question would be presented.

The defendants failed to prove any conspiracy or collusion, and an examination of the whole case shows that all the exceptions taken by them are untenable. When the proofs were closed, there was no question for the jury, and consequently the verdict was properly directed. The judgment and order should be affirmed, with costs.

INGRAHAM, J., concurred.