By the Court.—Freedman, J.
This action was brought upon an indemnity agreement executed by the defendants to the plaintiff, to recover the sums which the plaintiff had been compelled to pay. The extent of the liability of the defendants depends upon the said agreement, and this is to be construed so as to give due *344 effect to each and every part thereof according to the intention of the parties at the time.
! ' When thus construed, the reference in one' of the recitals to the sum of $214.52 must be rejected as plainly erroneous. It does not constitute the whole of the recital as to the extent of the bond given by the plaintiff at the request of the defendants to the sheriff of Columbia county, but, on the contrary, the recital goes on and says, viz.“ a copy of which bond is hereto-annexed, marked ‘ A ’ and forms- a part hereof.”
The copy of the bond thus referred to appears to have been actually annexed. It therefore forms part of the same recital and corrects any misdescription therein.. It shows the amount of liability assumed by the plaintiff to be $10,000; it recites the names of a large number of execution creditors interested like the defendants in the proposed levy, and it expressly covenants to indemnify the sheriff ’ against all damages, etc., which may arise from the levying upon, and making sale of, under and by virtue of “such executions” all or_any personal property which he may judge to belong to such judgment debtor, etc. This clearly contemplated that the sheriff was to levy under all such executions.
• With this bond in their immediate view and annexed to their own agreement, the defendants covenanted with the plaintiff that they will at all times indemnify and keep indemnified, the said company from and against all loss, damages, costs, charges, counsel fees and expenses whatsoever, which said company shall or may, for any cause, at any time, sustain or incur by reason or in consequence of said company having executed said agreement; and does further covenant and agree to pay to said company and its representatives all damages for which said company or its representatives shall become responsible upon the said bond before said company or its representatives shall be compelled to pay the same, etc.
Nothing in this agreement limits the obligation of' the *345 defendants to the amount of their execution, which was $256.79, instead of $214.52, or to any pro rata share of the loss, and there is no reference to any other agreements of like character, or to any other persons who are to bear a portion of the loss. The agreement, as a whole, is a plain, direct and specific contract on the part of the defendants to save the plaintiff harmless from the whole loss. There is no ambiguity. The operative words of the agreement being clear and unambiguous, they cannot be controlled by the erroneous recital. Holmes v. Hubbard, 60 N. Y. 183. For the same reason it can make no difference that some of the other execution creditors executed to the plaintiff separate indemnity agreements for the wdiole loss similar to that given by these defendants. If all the execution creditors, including the defendants, had executed to the plaintiff a joint agreement, a different question would be presented.
The defendants failed to prove any conspiracy or collusion, and an examination of the whole case shows that all the exceptions taken by them are untenable. When the proofs were closed, there was no question for the jury, and consequently the verdict was properly directed.
' The judgment and order should be affirmed with costs.
Ingraham, J., concurred.