terial, as merely referring to the value of the services of the plaintiff rendered under a contract with the corporation, and should be stricken out.

The order appealed from is therefore reversed, with $10 costs and disbursements of the appeal, and the motion below granted to the extent therein indicated, with $10 costs of the motion, to abide the event of the action.

As to the motion for a bill of particulars, I think it properly denied. As before stated, this being an action in equity, and no answer having yet been served, it is quite clear that a bill of particulars is not necessary to enable the defendant to answer the complaint. If, after answer, a bill of particulars should become necessary, a motion for such particulars may then be made. All concur.

(15 App. Div. 181.)

### ULSTER COUNTY SAV. INST. v. YOUNG.

(Supreme Court, Appellate Division, Third Department. March 8, 1897.)

OFFICIAL BONDS—CONDITION—LIABILITY—HOLDING OVER.

The condition of a bond was that the principal, elected as assistant treasurer of a bank for one year, would, at the expiration of his office, account for all money coming to his hands as such "during his continuance in office, * * * it being understood that this bond is to be binding for all the time" the principal "shall hold said office, * * * even though under successive appointments." The principal was reappointed the two succeeding years; then held over several years without reappointment; and during such holding over abstracted large sums. *Held*, that the sureties on the bond were liable, and "under successive appointments" does not limit the liability to accounting for moneys received during the periods of appointment.

Parker, P. J., and Landon, J., dissenting.

Appeal from trial term, Ulster county.

Action by the Ulster County Savings Institution against Horace G. Young, as executor and trustee of Thomas Cornell, deceased. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The action was originally brought against Matthew T. Trumpbour and Edwin Young, predecessors of the present defendant, to recover $15,000, the penalty in a bond executed and delivered to the plaintiff August 1, 1867, by Matthew T. Trumpbour, L. N. Hermance, John Kiersted, and Thomas Cornell, which sum, by the bond, they jointly and severally promised to pay. Trumpbour died after suit was brought, and the action has not been revived against his representatives. The condition of the bond is as follows: "Whereas, the above-named Matthew T. Trumpbour has been chosen and appointed assistant treasurer of the said the Ulster County Savings Institution, and will, by virtue of his office, handle divers sums of money and securities belonging to the institution: Now, therefore, the condition of the preceding obligation is such that if the above-bounden Matthew T. Trumpbour, his executors or administrators, shall, at the expiration of his said office, or at any time, on request to him or them, make or give unto the said institution, or its agents or attorney, a just, full, and true account of all such money or securities or other property as may have come in his hands, charge, or possession as such assistant treasurer, as aforesaid, and shall and do pay and deliver over to his successor in office, or any other person duly authorized to receive the same, all such sums of money, securities, or other property as may appear to be due and owing by him to said institution, and if the said Matthew T. Trumpbour shall well and truly, honestly

and faithfully, in all things serve the said institution in the capacity of assistant treasurer, as aforesaid, during his continuance in office, then the above obligation to be void; otherwise, to remain in full force and virtue. It being understood that this bond is to be binding for all the time the said Matthew T. Trumpbour shall hold said office of assistant treasurer, even though he hold under successive appointments, but nothing herein shall prevent the sureties terminating their liabilities by giving at least two weeks' written notice of an intention to do so."

The plaintiff is a savings bank, incorporated under chapter 152, Laws 1851, and is subject to the general laws of the state relating to savings banks. On the 16th of July, 1867, at their regular annual meeting, and acting within their powers, the board of trustees of the plaintiff elected and appointed Matthew T. Trumpbour assistant treasurer "for the ensuing year." The by-laws provided that this officer should hold at the pleasure of the board. He was in like manner elected assistant treasurer July 21, 1868, "for the year." And, again, July 20, 1869, he was duly elected assistant treasurer "for the ensuing year." He was never again elected or appointed assistant treasurer, nor to any other position in the bank, but, nevertheless, continued to serve as assistant treasurer continuously from the date of his first appointment down to the fall of 1891. The board of trustees meantime held their regular meetings in July, every year. Between 1873 and 1887, Trumpbour abstracted upward of $100,000 from the plaintiff. Upon demand upon him to restore the amount abstracted, he refused, and also he and the defendant's predecessor severally refused, upon demand duly made of each of them, to pay the penalty of the bond.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

H. C. Soop (A. T. Clearwater, of counsel), for appellant.
Severyn B. Sharpe (J. Newton Fiero, of counsel), for respondent.

HERRICK, J. It will be observed that the defalcation did not occur until long after Trumpbour's last reappointment, and the question is whether the bond, by its terms, covers those abstractions. The appellant contends that the bond, by its terms, is limited to the continuance of Trumpbour in office under his original appointment or election and by reappointment, and does not include a continuance in office by holding over after an appointment or reappointment, and that the words used are words of limitation or restriction, and exclude all holding of office except by appointment and reappointment. I do not think such contention should be upheld. It does not seem to me that the words "even though he hold under successive appointments" are words of limitation or exclusion, but of addition. I am aware of the general rule that, when a particular thing is specified, it excludes all others. But that is not an invariable rule. Like all other general rules, it has its exception. Sometimes a condition, thing, or matter is specified, not for the purpose of singling it out as the only condition or the only thing or matter to be affected or considered, but for the purpose of including it with others where otherwise it might not be included or its inclusion be considered doubtful. The true meaning in this, as in all other cases, is to be sought in a large measure from the character of the language used. Here it is evident that it was intended to add to what might otherwise be understood from the bond. The words "even though" show the intent. As used here, they are words of inclusion, not of exclusion. The word "even" is here used in the sense of "also" or "likewise" (Cent. Dict.); and, by

its use, it is intended to bring within the scope of the instrument a. subject or condition that otherwise might not be included, or its inclusion at least be a subject of doubt.   Ordinarily, the sureties upon an official bond are not liable for any breach of the condition happening after the expiration of the term for which the officer was elected. or appointed, although such officer may be continued in office under the same or a new appointment or election.   Overacre v. Garrett, 5 Lans. 156; Insurance Co. v. Clark, 33 Barb. 196.

Trumpbour was elected treasurer "for the ensuing year."   That means for one year.   In this case the wording of the bond shows that it was the intention that the sureties should be liable, not merely "for the ensuing year," but as long as he remained treasurer.   It reads: "This bond is to be binding for all the time the said Matthew Trumpbour shall hold said office."   This language is unnecessary, unless it was intended that the sureties should be liable beyond the single year, "the ensuing year" for which he was elected.   Trumpbour could only "hold said office" beyond the year by holding over after the expiration of his term, or by being reappointed.   The making of a new appointment might well be held to be a termination of his holding under his first appointment, and at least cast doubt upon the liability of his sureties; and to make that liability certain, and for abundant caution, the additional words were used. · It seems clear to me that, without the words "even though holding under successive appointments," the sureties would have been liable, by virtue of the preceding words in the clause, in case Trumpbour held over and continued in office without being reappointed; and the words last quoted were intended to add to the force of the language already used, and, if need be, extend the liability beyond what might be imported from such preceding language, and exclude the possibility of the liability of the sureties being terminated by a reappointment; and they were not used for the purpose of limiting the force of the words previously used, or of restricting the liability of the sureties; and that, by their use, there was no intention of limiting or confining the liability of the sureties to a holding of said office "under successive appointments," but to add. that to the other ways in which Trumpbour might "hold said office," as, for instance, holding over after the expiration of any term for which he might be appointed.   The plain intent of the instrument is to insure the liability of the sureties for all the time Trumpbour acted as treasurer, whether by appointment and reappointments, or by holding over after appointment or appointments.   This construction is not a harsh one, for the sureties, by the terms of the bond, had it within their power to terminate their liability at any time by giving two weeks' notice.

The judgment should be affirmed, with costs.

MERWIN and PUTNAM, JJ., concur.

LANDON, J. (dissenting).   Trumpbour's abstractions did not begin until 1873, about four years after his last reappointment "for the ensuing year."   The question is whether the bond, by its terms, covers these abstractions.   The plaintiff contends that as they occurred.

during Trumpbour's "continuance in office," or some part of "all the time he shall hold said office," although he was holding over, they are covered by the bond. The appellant (the surety) contends that the bond, by its terms, is limited to such continuance in office as is specified in it, namely, under the original election or under successive appointment. Our conclusion is that the defendant is right. "A surety is never to be implicated beyond his specific agreement, and his liability is always strictissimi juris, and must not be extended by construction. His contract must be construed by the same rules which are used in the construction of other contracts. The extent of his obligation must be determined from the language used, read in the light of the circumstances surrounding the transaction; but, when the intention of the parties has thus been ascertained, then the courts carefully guard the rights of the surety, and protect him against a liability not strictly within the precise terms of his contract." Association v. Conkling, 90 N. Y. 116; Ward v. Stahl, 81 N. Y. 406; Barns v. Barrow, 61 N. Y. 42; Insurance Co. v. Lowenberg, 120 N. Y. 44, 23 N. E. 978.

The condition of the bond begins with the recital: "Whereas, the above-named Matthew T. Trumpbour has been chosen and appointed assistant treasurer of the Ulster County Savings Institution, and will, by virtue of his office, handle divers sums of money," etc. We know from the evidence that he was chosen and appointed to that office "for the ensuing year," from July 16, 1867. We infer that his term was thus specified as the expression of the board of its pleasure in that respect. The bond continues that if the said Trumpbour "shall well and truly, honestly and faithfully, in all things serve the said institution in the capacity of assistant treasurer, as aforesaid, during his continuance in office, then the obligation to be void; otherwise, to remain in full force and virtue." There are other expressions preceding the words last quoted specifying the kind of faithful service Trumpbour shall perform, material, possibly, upon the question when the cause of action accrued, but not upon the point now under consideration. If the bond ended with the words last quoted, the question whether the words "during his continuance in office" would embrace continuance beyond the year of his original appointment is discussed in the case of This Plaintiff v. Ostrander (herewith decided) 44 N. Y. Supp. 181. The words "continuance in office" must here be construed in connection with the further sentence following in the bond, namely: "It being understood that this bond is to be binding for all the time the said Matthew T. Trumpbour shall hold said office of assistant treasurer, even though he hold under successive appointments." It thus appears that "continuance in office" had reference to his reappointment. But did the words "continuance in office," or the words "all the time the said Matthew T. Trumpbour shall hold said office of assistant treasurer, even though he hold under successive appointments," have reference to any other continuance in office or holding said office than under original appointment and successive appointment? Two sources of continuance are specified, and no more. Why express any source if all kinds are implied? Is not the expression of two the exclusion of other sources? If it was intended to include

other sources of continuance in office,—as holding over after successive appointment,—why was it not stated?   Must we not infer that it was the intention of the makers of the bond, by the words "continuance in office," and "all the time he shall hold said office, even though he holds under successive appointment," to fix the utmost limit they would permit?   If they had intended to extend it even to holding over after successive appointment, it was easy to add such a provision.   It is manifest that, when the makers of the bond declared the additional limit to which they would extend it, they had no idea that it extended even beyond that limit.   But if the words "continuance in office," standing alone, should be resolved to include every method by which continuance in office could occur, still, when they are followed by words expressing a particular method of continuance in office or holding it, in addition to the limited continuance which the term of office imports, then the general words are qualified by the particular ones, and the particular words limit the general ones, unless the contrary intention plainly appears.   Holmes v. Hubbard, 60 N. Y. 183.   In Insurance Co. v. Clark, 33 Barb. 196, it is said, and it seems to me very justly, that "the construction and tenor of the bond must be the same now as they were when the bond was executed."   It is obvious that the idea or intention of the makers of the bond at the time they made it was that the continuance in office by Trumpbour would be under his original appointment; but it is plain that his holding over without reappointment did not occur to their minds, and thus was not within their intention.

The judgment should be reversed, and judgment directed for the defendant, with costs here and below.

PARKER, P. J., concurs.