Judge Nicholas
delivered the Opinion of the Court.
responsibility. George Bell, in 1809, was appointed administrator of Joseph Fnquay, deceased, and gave bond, with Johnson and Smith as his sureties. He was afterwards, in 1810, appointed guardian to Fuquay’s ' infant children, and gave bond, with Johnson and Griffith as his sureties. In 1813, having been summoned,by Johnson and Griffith, for ¡that purpose, before the county court, he gave a new bond, as guardian, with Smith and Wallace, as his sureties, and as administrator, with Smith, Wallace and Hooker as his sureties ; and again in 1814, gave another bond as administrator, with Oerbv as his suretv— an order having been entered, at the giving of each of said bonds, that the former sureties be released from further
The heirs of Fnquav, having attained full age, brought their bill against the administrator of Bell and said Johnson, Smith. Griffith, Wallace, Hocker and Cerby, or the personal representatives of such of them as had died, praying a decree against some or all of them, for a balance of personal estate in the hands of said Bell as administrator of their father, and compensation for certain slaves that had been sold bv him — there not having been any debts requiring such sale.
Each of the sureties endeavors to shift the responsibility from himself upon the others ; and they all unite bi an effort to place the most of it upon the shoulders of Bell’s administrator, for an alleged devastavit. He rests his defence upon a plane administravil in the payment of other debts, as to all the assets that came to his hands, except some slaves, that were sold, and the proceeds distributed among Bell’s heirs, before he had notice of this claim.
*515 The circuit court, by its decree, held the administra-tpr of Bell primarily liable in his individual capacity for the amount ascertained to be due Fuquay’s heirs, to the extent of the devastavit committed in distributing Bell’s slaves, and all the sureties in the various admin-tration bonds jointly liable for the residue. The sureties in the guardian bonds were held, as such, not to be liable at ail.
We approve the decree so far as the principle upon-which it subjects the administrator of Bell individually for the devastavit, committed in distributing Bell’s slaves, aud so far as it exonerates the sureties in the guardian-bonds, as such. It was immaterial whether the administrator had notice of this claim at the time of distributing the slaves. He is equally liable for the devastavit whether he had notice or not. If he made the distribution without requiring the indemnity he was entitled to by law, it was his own folly, and he must now look to-the distributees for redress.
As there was no proof or circumstance calculated to shew a change or transfer of the assets in Bell's hands as administrator, into a holding in his character as guardian, there is no reason for charging his sureties in the latter capacity.
We cannot approve so much of the decree as makes all the sureties, in the different administration bonds, jointly liable. According to the principle of decision in the case of Wilborne vs. Commonwealth, 5 J. J. Mar. 617, Cerby, the surety in the last administration bond, is alone responsible, the orders of the county court having completely released the sureties- in the prior bonds.— The words of the act of assembly regulating the duty and power of the county courts on this subject, as it respects administrators, are so far similar to those used with respect to guardians, that there is not room for any difference oí construction.
But it is contended that Cerby is not liable, because the bond, executed by him, was given to the justices of the county court, by their names, instead of to the commonwealth, as the law then required. There is no doubt the bond should have been given to the com» *516 monwealth, and that the county court had no right to exact one in the form .in which this was executed ; but it does not thence follow that the bond is void. We know of ■ no statutory provision, or principle of the common law, that renders such a bond'void.
The decree must be reversed, with.costs, and the case remanded, with directions for a decree pursuant to this opinion.