JOHN W. McKIM, Judge of Probate, *vs.* GEORGE B. BLAKE & another, executors.

Suffolk. Nov. 14, 1881. — March 1, 1882. MORTON, C. J., FIELD & C. ALLEN, JJ., absent.

A surety on a bond, who has been discharged from "further responsibility" thereon by the judge of probate, is liable, under the Gen. Sts. *c.* 101, § 18, for any breaches of the condition of the bond by the principal during the entire time he was his surety.

LORD, J. This is a suit upon a probate bond bearing date April 30, 1855, in which James M. Howe as trustee under the will of Henry Todd appears as principal, and the defendants' testator, George B. Blake, as surety.

Under the provisions of law, on April 18, 1869, said Blake filed his petition in the Probate Court to be discharged from further liability as such surety, which petition, on May 17, 1869, was granted, and he was so discharged. On the same day, Howe gave a new bond with sureties. There was substantial breach of the condition of the bond by the trustee while Blake was his surety upon his bond.

The precise and only question for our determination is, Was Blake absolutely released and discharged from all liability upon

that bond, for any breaches occurring between April 30, 1855, the date of the bond, and May 17, 1869, the day of his discharge?

All official bonds of executors, administrators, guardians, trustees, &c. are given to the judge of probate and his successors as obligees. In these bonds, which are purely official, he has no personal interest. Whether his release of such a bond under seal would be effectual, we do not inquire. The claim of the defendants is, that the official act of the judge of probate, in releasing the surety from further responsibility as such, is in law a full, absolute and unconditional release from all liability whatever for any breach of the condition of the bond prior to his discharge; and they contend that such is the true meaning and construction of the several statutes upon the subject.

If, at the time when the surety asked to be discharged, there was a subsisting contract under which rights had been actually vested in *cestuis que trust*, we should require the strongest and most decisive language manifesting that intention before we should feel it our duty to determine whether such legislation is within legislative authority. But we have no occasion to make any such inquiry. Instead of clear and direct language, showing an intention thus to release a surety from the obligations of his contract, we find in clear and direct language an expression of purpose that he shall not be released.

There has been no material change in the law upon this subject since the Revised Statutes. From that time to the present, there has always been this special provision: "When a new bond shall be required, as above provided, the sureties in the prior bond shall, nevertheless, be liable for all breaches of the condition, committed before the new bond shall be approved by the judge of probate." Rev. Sts. c. 70, § 30. Gen. Sts. c. 101, § 18.

It seems difficult to imagine language more concise or more comprehensive than this. It seems to preclude all possibility of deeming the party absolved from the obligations of the contract already broken, or of any attempt to impair the obligation of an existing contract.

The defendants, feeling the force of this language, endeavor to find some other subject to which by construction it may be

made applicable; and therefore they contend that, inasmuch as there must be some interval of time between the release of the surety and the execution of a bond by a new surety, the language must be construed as applicable to such interval, and to such interval only.

It would be an extraordinary interpolation by the court into legislative enactment, to add words such as would be required in this case, limiting the time of the liability upon a bond to a period subsequent to its execution, when the words themselves necessarily import a liability from the date of the bond.

In some cases the language, upon this construction, would seem to be meaningless, or to import extraordinary obligations. The law requires that, when a surety is discharged from further responsibility, a new surety shall be given within a specified time, or the principal shall be removed from his trust. If, in point of fact, a new surety is not furnished, and the trustee is removed, it cannot be literally true that the liability is to continue until such new surety to such trustee is appointed. If a new trustee be appointed, neither he nor his sureties could be made liable for property squandered and wasted by a former trustee, which property never did, and by no possibility could have, come into his possession. In such a case, upon the defendants' construction, property may be squandered by a trustee, and his surety, having been discharged after it from " further responsibility," the trustee may be removed or resign, and then no person could be responsible as surety for the maladministration.

These suggestions show the necessity of giving to legislation a practical interpretation, such as men would give to language when used in relation to the affairs of life. What is such interpretation? Obviously this: A person who has been a surety for a friend or another asks to be relieved from any further responsibility. The reply is, " Certainly, you shall have no further responsibility; but you shall still be liable until your principal has put himself under the law, and afforded to his *cestuis que trust* the same security that they now have."

It is, however, unnecessary to give any reasons for this decision, for the same question precisely was before the court in *McKim* v. *Bartlett*, 129 Mass. 226, in which it was in terms decided by this court that a surety discharged under provisions

of law remains liable for any breach in the condition of his bond while he was surety, whether that breach be merely technical, for which only nominal damages could be assessed, or substantial, going even to the penal sum of the bond.

Under the reservation, the order must be

*Judgment for the plaintiff.*

*J. D. Ball,* for the defendants, cited *Harrison* v. *Turbeville,* 2 Humph. 242; *Johnson* v. *Fuquay,* 1 Dana, 514; *Watts* v. *Pettit,* 1 Bush, 154.

*W. G. Russell & J. C. Davis,* for the plaintiff.