JOHN W. McKIM, Judge of Probate, *vs.* GEORGE B. BLAKE & others, executors.

Suffolk. March 19, 20. — June 29, 1885. W. ALLEN & COLBURN, JJ., absent. C. ALLEN, J.; did not sit.

Accounts of a trust estate, kept by the trustee on the ledger of a firm of which he is a member, being the only accounts kept by him during the time they cover, are admissible in evidence in an action against a surety on his bond; and it is immaterial that the entries were made by another, if they were made under the personal direction of the trustee.

An account in the form of a probate account, and semiannual accounts of a trust estate, rendered by the trustee to his *cestui que trust*, with explanatory letters in regard to them, are competent evidence in an action against a surety on the trustee's bond; and it is immaterial that the accounts were falsified, and that the trustee had disposed of the property with which the accounts charge him.

In an action against a surety on a trustee's bond, the evidence of a partner in business of the trustee, that he deposited a sum named, the proceeds of certain bonds belonging to the trust estate, in a bank to the account of the firm, is admissible.

In an action against a surety on a trustee's bond, the surety is chargeable with a sum received by the trustee as part of the income of the trust fund, which he has not paid over to the *cestui que trust*, but which he has applied to make up a deficiency in the investment of capital.

In an action on a probate bond, the findings of an assessor upon matters of fact will not be revised by this court upon exceptions thereto, if they are established by a fair preponderance of the evidence introduced before him.

If a trustee sells securities belonging to the trust estate at a price less than their original cost, and fraudulently appropriates the proceeds, a surety on his bond is chargeable, in an action thereon, with the value of such securities at the time of their sale and conversion, in the absence of evidence that the securities had increased in value after the sale and during the continuance of the trust.

If a trustee wrongfully sells securities belonging to the trust estate, and converts the proceeds to his own use, in an action against a surety on his bond interest should be computed on the amount converted from the day it is found to be due up to the day of issuing the execution, without rests.

MORTON, C. J. This is an action against the executors of the will of George B. Blake, upon a joint and several bond signed by him as one of the sureties of James M. Howe, who had been appointed trustee under the will of Henry Todd. After the decision reported in 132 Mass. 343, the case was referred to an assessor to determine the amount for which execution should be awarded, and comes before us upon exceptions by both parties to the report of the assessor. Most of the defendants' exceptions, which raise any questions of law, relate to the admission

in evidence by the assessor of acts and statements made by the principal, tending to show defaults by him during the time that Blake was liable as surety upon the bond.

It is well settled that the dealings of the trustee with the trust fund, and the acts done by him in the performance of his duty as trustee, while the surety remains liable, are admissible in evidence against the surety. *Williamsburg Ins. Co.* v. *Frothingham*, 122 Mass. 391. *Choate* v. *Arrington*, 116 Mass. 552. *Brighton Bank* v. *Smith*, 12 Allen, 243. All the evidence admitted by the assessor falls within this rule. It was the duty of the trustee to keep accounts of the trust estate, and the accounts kept by him upon the ledger of J. M. Howe and Company, being the only accounts kept by him during the time they cover, were properly admitted as acts done by him in the performance of his duty. It is immaterial that the entries were made by another, as they were made under the personal direction of Howe. The account in the form of a probate account, and the semiannual accounts rendered by Howe to the *cestuis que trust*, with the explanatory letters in regard to them, were competent evidence. Though they were not accounts which he was required by law to render, like probate accounts, yet they were a part of his dealings with the trust estate, and were acts in the course of his performance of his duties as trustee done while the surety Blake was bound upon the bond.

The defendants contend that these accounts are not competent, because it is shown, and is so found by the assessor, that they were falsified, and that the trustee had disposed of the property with which such accounts charge him. But this does not render them inadmissible. They tend to show that he had, at some time, in his hands such property as a part of the trust estate, and that the conversion to his own use was fraudulent. They were not used to show at what time he converted it to his own use, but this was shown by other evidence. All the acts of the trustee which the assessor admitted as evidence against the surety were acts in the performance of his office of trustee done while the surety remained liable upon the bond; and we are of opinion that the defendants' exceptions to the ruling to this effect were properly overruled by the presiding justice who heard the case.

The fifth exception of the defendants is to the admission of the testimony of William G. Howe, a partner of James M. Howe, that he deposited the amount of $4000, the proceeds of Michigan Central Railroad bonds belonging to the trust estate, in the bank to the account of James Murray Howe and Company. This testimony is not open to the objection that it attempts to control written by parol testimony. The witness testified to an act of deposit performed by himself, or within his knowledge, and it would be admissible if the books of the bank contradicted him.

The defendants contend that the assessor could not lawfully charge them with the sum of $214.71, being a part of the balance found by him to be due. This sum was a part of the income received by the trustee which has not been paid over to the beneficiaries, but which he, in fact, applied to make up a deficiency in the investment of capital, and which has thus been added to the capital. But this was money which the trustee received as a part of the trust fund under the will, which he has not paid either to the *cestuis que trust* or to his successor, and he and his sureties are responsible for it, whether he treats it in his accounts as capital or as income not distributed.

All the other exceptions of the defendants are exceptions to findings of the assessor upon matters of fact. As was said in *Paddock* v. *Commercial Ins. Co.* 104 Mass. 521, the findings of an assessor " may be reviewed by the court; and the appropriate way of bringing them before the court for this purpose is by specific exceptions to his findings, and by his report of the evidence upon the points on which exceptions are taken ; but his findings have the weight of a verdict, and, especially when they depend upon a conflict of testimony, are not to be set aside unless they clearly appear to be erroneous."

It would serve no useful purpose to discuss the evidence upon the various questions of fact passed upon by the assessor. Upon a careful revision of the testimony, his conclusions do not seem to us to be erroneous, but his findings are established by a fair preponderance of the testimony. It follows that all the exceptions of the defendant to the report of the assessor were properly overruled.

The only exception of the plaintiff upon which he now insists is an exception to the finding of the assessor in regard to the

$5000 Hartford city bonds, and the $4000 St. Louis city bonds, which were sold by the trustee at a price less than their original cost, and the proceeds fraudulently appropriated by him. The plaintiff contended that the trustee and his sureties should be charged with the original cost of the bonds; but the assessor found that they were chargeable with the value of bonds at the time of their unlawful sale and conversion. We need not consider what might be the rule of damages, if it had appeared that these bonds had increased in value after the sale and during the continuance of the trust. There is no evidence of such an increase, and there is nothing to show that the rule adopted by the assessor does not furnish a complete indemnity to the trust estate. The plaintiff's exceptions were therefore properly overruled.

At the hearing before this court, a question arose as to the proper mode of computing interest in determining the amount for which execution should issue. The plaintiff contended that interest upon the principal found by the assessor to be due should be computed to the date of the judgment, and the amount then due thus ascertained; and that interest upon that amount should be computed to the day of issuing the execution. This would be allowing interest upon interest, contrary to the general rule in this Commonwealth; and we are of opinion that the presiding justice rightly ruled that interest on the amount converted by the trustee should be computed from the day the assessor found it to be due up to the day of issuing the execution, without rests.

*Execution to issue accordingly.*

*H. G. Parker & J. C. Davis*, for the plaintiff.
*J. D. Ball*, for the defendants.