Van Brunt, P. J.
It is assumed by the learned counsel for the respondent that the decision in the case of the National Banking Association v. Conkling (90 N. Y. 116; affi’g 24 Hun, 496), disposes of this appeal.
A very brief examination, however, of the case cited will show that it has no application whatever to the case at bar, except so far as it may declare the general principles which are to govern the construction of contracts It is laid down in the case cited as a rule of construction that a surety is never to be implicated beyond his specific engagement, and his liability is always strictissimi juris and must not be •extended by construction. This contract must be construed by the same rules which are used in the construction of other contracts. The extent of his obligation must be determined by the language used, read in the light of the circumstances surrounding the transaction. But when the intention of the parties has thus been ascertained, then the court will carefully guard the rights of the surety, and protect him against liability not strictly within the precise terms of Ms contract.
The action wás brought as was the one at bar, against a surety who had executed a bond to the plaintiff at the time it .employed the defendant, Conkling, as a book-keeper in its bank. The recitals and condition of the bond were that whereas the above named plaintiff has appointed the above named defendant, Conkling, to the office of book-keeper, and Conkling having accepted the same, and consented to *362 perform the duties thereof, now, the condition of this obligation is such, that if the above named Conkling shall faithfully fulfill and discharge the duties committed to, and the trust reposed in, him as book-keeper, and shall also faithfully fulfill and discharge the duties of any other office, trust or employment relating to the business of said bank, which may be assigned to him, or which he shall undertake to-perform, etc., then the obligation to be void, otherwise to-remain in full force and virtue.” Conkling continued to act as such book-keeper until 1870. In that year he was appointed receiving teller of the bank, at an increased salary, and continued to act as such until he resigned. After his resignation it was discovered that he had embezzled some of the funds of the bank, and the action was brought against the obligors upon the bond to recover the amount thus embezzled, and it was held in that case that the sureties undertook for the fidelity of the principal only while he was-book-keeper, but, if while book-keeper the duties of any other office were assigned to him, their obligation would also extend to the discharge of those duties. But it was held that the parties not having in contemplation at the time of the execution of this bond, the appointment" of the principal to a new office, they were not bound for defalcations committed in the new office to which he had been appointed.
In the case at bar the condition of the bond was as follows : that if the above bounden, Otto Baumann, who has-been appointed clerk of said Union Dime Savings Bank by its board of directors, shall faithfully and honestly discharge his duties as such clerk, or in whatever capacity he may serve said bank, and shall faithfully apply and account for all such moneys, funds, valuables and property which may come into his hands or under his control as such clerk, and deliver the same on proper demand to the order of the board of directors of the said Union Dime Savings Bank, or to the-person or persons authorized to receive them, without any *363 fraud or other delay, then this obligation to be void; otherwise to remain in full force and virtue.
It is to be observed that the position in the bank which the appointee was to occupy is in no way referred to in the condition of this bond. He is simply described as a clerk, or in other words as a servant and employee of the bank, and therefore as long as he remained a clerk or servant or employee of the bank, he comes within the condition of the bond. There was no particular position in the bank, such as that of book-keeper, referred to in the condition of this bond as there was in the case of Conkling.
In his case it is expressly stated that he has been appointed as book-keeper, and the condition of the bond is that he shall faithfully fulfill the duties of such book-keeper and shall, also, faithfully fulfill and discharge the duties of any other office, trust or employment, etc. . In that case the minds of the parties were upon the office of book-keeper and it was during his occupancy of that office that the condition of the bond applied, and when that office was vacated there was no condition to be broken. In the case at bar, however, the condition of the bond is for the fidelity of the principal as clerk, or in whatever capacity he might serve-the bank. Not “ and in whatever capacity he may serve-the bank,” but “ or,” thereby intending that the obligation should cover not only the position as clerk, but any other-position in which he might serve the bank. In the case of Conkling the additional duties were to be added to the original office ; in the case at bar the new duties might be entirely distinct from the original employment, as the condition is in the disjunctive and not in the conjunctive.
Therefore, even if, when the principal was appointed as teller, he was not to be still considered as a clerk in the bank, it would be within the condition of the bond and the intentention of the obligors.
This view is borne out by the effect of the terms used in the remaining part of the condition of the bond. It is said in the evidence that as bookkeeper he had no charge of *364 the moneys, funds, valuables or property of the bank, and that these words could have no application to the duties of that position. But we find in the condition of the bond the words : “ and shall faithfully apply and account for all such moneys, funds, valuables and property which may come into his hands or under his control as such clerk.”
If it had not been intended by the use of the word clerk to apply -to all the positions which employees of the bank ■occupied, and of which the teller is one, why should these words in reference to the moneys, funds, valuables and property of the bank have been added ? It would seem, •therefore, that it was the intention of the parties that the ■obligors should be bound for the faithful discharge of the duties of the principal in whatever capacity he might be ■employed in such bank, and that all the subordinate positions of the bank were classed together under the generic name •of clerk. Indeed, there seems to be no distinction, as far as to whether he is a clerk or not, between the positions of book-keeper and of teller.
Our attention is called to some definitions from lexicographers. It is true that a teller is there called an officer of the bank, but in law he occupies no such position. His •duties are entirely clerical, as much so as those of any other employee of the bank.
It would appear, therefore, that the condition of the bond in question was broken, and that there was a right to recover upon the part of the appellant.
The judgment should be reversed and a new trial ordered, with costs to appellant to abide event.
Macombee, J., concurred.