(8 Misc. Rep. 583.)

LEWISON v. HOFFMAN.

(Superior Court of New York City, Trial Term.   May, 1894.)

LIABILITY OF SURETY—OFFICIAL REPORTS OF PRINCIPAL.
   Where the treasurer of a private corporation is required to make reports of moneys which come into his hands, such reports, when acted on, are in the nature of accounts stated between the treasurer and the corporation, and bind the sureties on the treasurer's bond.

Action by Benno Lewison, substituted as plaintiff in place of the Order Germania, a benevolent corporation, of which said Lewison was appointed receiver, against Louis Hoffman and Johanna Weiss,

as sureties on the bond of John Weiss, as treasurer of the Order Germania. Defendant Weiss died pending the action, and it was continued against defendant Hoffman. Judgment for plaintiff.

M. Auerbach, for plaintiff.

L. S. Goebel, H. C. Botty, and E. W. S. Johnston, for defendant.

McADAM, J. The "Order Germania" was created for benevolent purposes, and, although a private corporation, was fashioned after public corporations, in this: that it had a treasurer, who, like the treasurer of a county, had certain official duties prescribed which he was bound to perform, prominent among which were the collecting, accounting for, and paying over moneys received on behalf of the order. As is usual in cases of public corporations, it was likewise required of the treasurer here that he execute a bond, with sufficient sureties, for the faithful performance of his official duties. These duties required him not only to receive moneys due to the order, but to account for and pay over all sums received. Like a county treasurer, he made reports to the order of the funds in his hands, and these reports, being made in the performance of his official duties, became evidence, not only against the treasurer, but against his sureties, for they had guarantied the proper performance of his official acts. See Bissell v. Saxton, 66 N. Y. 55; Shattuck v. Lamb, 65 N. Y. 499; Supervisors v. Bristol, 15 Hun, 116; Id., 99 N. Y. 316, 1 N. E. 878. In these cases it was held that the official report of the treasurer was competent, though not conclusive, evidence against the sureties. In Society v. Fitz William, 12 Mo. App. 445, it was held that the treasurer's statement, made in accordance with his duty, and during the period covered by the bond, but after his removal for misconduct, is competent against his sureties, and is prima facie evidence of the facts therein stated. In cases of this nature the main inquiry is whether the reports or declarations of the principal were made during the transaction of the business for which the surety was bound, so as to become part of the res gestae. If so, they are held admissible; otherwise not. 1 Greenl. Ev. § 187; 2 Brandt, Sur. (2d Ed.) 886, 887. The reports of Weiss, the treasurer, were more than declarations of the principal forming part of the res gestae. See Wood, Ev. § 146; Greenl. Ev. § 109. They were in the nature of official acts, the accuracy of which was guarantied by the bond. The order acted on these reports, as it lawfully might; and, while it was in the power of the sureties to show any error in them, they constitute presumptive evidence of the facts therein contained, and, unimpeached, are conclusive, not only against the treasurer, but his sureties on the official bond. The very duties of the office required the treasurer to charge himself with the amounts received from the different subordinate lodges, and to report the amount so received semiannually to the Grand Lodge. Weiss, the treasurer, in the performance of these duties, made reports showing the amounts he received; and the amounts thus reported, having been returned and acted upon officially, became in the nature of accounts stated between the Grand Lodge and its treasurer, which, in

the absence of fraud or mistake, are conclusive alike upon the lodge, its treasurer, and his sureties. See Douglass v. Howland, 24 Wend. 59, cited with approval in Hatch v. Elkin, 65 N. Y. 498; Morley v. Town of Metamora, 78 Ill. 394. That this was in the contemplation of all the parties is apparent from the tenor, effect, and nature of the bond itself, and effect must be given to this understanding. Illustrations of the effect given to the rule in different cases will be found in Bank v. Smith, 12 Allen, 243; State v. Newton, 33 Ark. 276; McKim v. Blake, 139 Mass. 593, 2 N. E. 157; Pendleton v. Bank, 1 T. B. Mon. 171; Lysaght v. Walker, 5 Bligh (N. R.) 1, 2 Dow & C. 211.

The evidence shows that, at the time the last official report was made, Weiss owed the order $5,956.31. The plaintiff thereafter credited the account with $786.10, and with two items, one of $500, and another of $1,000, received from the sureties, leaving a balance of $3,670.21 due. No mistake was shown in the reports made; nor was it shown that the moneys charged by the treasurer as coming into his hands did not, in fact, reach his custody. The court carefully excluded all declarations made by Weiss, the treasurer, except those made officially and as official acts at regular and stated meetings of the lodge, when his duties required him to make such reports, and to make them officially. The evidence shows that these moneys were never returned into the Grand Lodge, and that Weiss, the treasurer, absconded, without rendering a proper account of his stewardship. The bond contemplated more than a mere accounting in writing; it was given to insure the payment over to the order of the funds which came to the hands of the treasurer in his official character as such. In interpreting the meaning of the bond, the court has a right to consider all the surrounding circumstances,— the relations of the parties,—and to construe it with reference to the laws under which the officer was appointed. Baylies, Sur. 127. Where the bond is given for the faithful performance of the duties of an officer annually appointed, and it should happen that the same individual had held the same office under a prior appointment, and had committed defaults during the term of that appointment, the bond of the sureties given on his reappointment will not be construed to relate to past defaults, in the absence of special stipulations to that effect. Bissell v. Saxton, 66 N. Y. 55; Baylies, Sur. 127, 128.

It is claimed by the defendant, and there is some proof to sustain the contention, that the treasurer of the order who was succeeded by Weiss was $2,000 behind in his accounts; and that this sum was charged against Weiss, and forms part of the $3,670.21 claimed from him; and that the purpose of doing this was to conceal the fact of the deficit from the members of the order. While this testimony is not as satisfactory as it ought to have been, the court will, in order to prevent any possible injustice to the defendant, disallow this portion of the account, and direct judgment for the difference,— $1,670.21,—in respect to which there hardly seems to be any substantial ground for dispute. The sureties cannot, on any principle, be held for the misconduct of the predecessor of Weiss; and, if he in any form charged himself with moneys which his predecessor

failed to turn over to him, this circumstance cannot create a liability against his sureties. This seems to be a self-evident proposition. The Code (section 1891) provides that, in actions on the official bonds of "public" officers, the plaintiff must prove a demand, "or that a demand cannot be made with due diligence." If a formal demand upon the treasurer of this private corporation was necessary (see Brandt, Sur. § 200) before charging the sureties on his official bond, it could not have been made with due diligence, because the treasurer absconded, and made such demand impossible (see Id. § 134). Demand on the surety is admitted by the answer. The fact of the treasurer's default was sufficiently proved, however, to call upon the defendant to prove that Weiss had accounted according to the terms of the bond. The plaintiff is entitled to judgment for $1,670.21, with interest from the commencement of the action, and costs.