(20 Misc. Rep. 276.)

GRAND LODGE OF STATE OF NEW YORK, ORDER DER HERMANN'S SOHNE, v. FREIFELD et al.

(Supreme Court, Trial Term, New York County. May, 1897.)

OFFICERS OF PRIVATE CORPORATIONS—OFFICIAL BONDS—DURATION OF LIABILITY OF SURETIES.

Where an officer of a private corporation gives a bond conditioned for the faithful performance of his duties, and unlimited as to time, such bond is only for the term for which the officer had been elected at the time it was given; and the sureties thereon are not liable for any breach of the condition happening after the expiration of the term, although the officer may be continued in office under the same or a new appointment or election, unless the bond has been renewed, or failing a stipulation that the sureties shall be liable during any successive term of office to which the officer may be elected or appointed. Institution v. Feltz (N. Y. App.) 25 N. E. 952, and Id. (Sup.) 4 N. Y. Supp. 607, distinguished.

(Syllabus by Giegerich, J.)

Action by the Grand Lodge of the State of New York, Order der Hermann's Sohne, against Adolph Freifeld and Katharina Kraemer, as executors of the will of Jacob Kraemer, deceased. There was a verdict in favor of defendants, and plaintiff moves for a new trial on the minutes. Denied.

Alfred Steckler, for plaintiff.
George Freifeld, for defendants.

GIEGERICH, J. This action is brought upon a bond executed by one Frederick Frey, as principal, and one Jacob Kraemer, since deceased, as surety, to the plaintiff, a domestic corporation, in the penal sum of $500, and bearing date the 8th day of January, 1891. The bond recited that said Frederick Frey "is about to act as grand treasurer of the above-named Order der Hermann's Sohne, and by reason thereof will have the control of sums of money, and be required to perform various acts," and the condition was "that, if the above-bounden Frederick Frey shall well and truly account for, pay over, and dispose of all moneys and property of said Grand Lodge of the State of

New York, Order der Hermann's Sohne, which may come into his possession or under his control, and shall well and truly discharge and perform all his duties as such grand treasurer, then this obligation to be void; otherwise to remain in full force and effect." It appears from the undisputed evidence that Frey was elected as such grand treasurer on the first Sunday of November, 1890, for the term of one year, pursuant to the constitution of said grand lodge, which provided that the election for officers of such lodge "shall take place yearly at the time of the annual general assembly," and that he gave said bond for the faithful discharge of his duties; that, although continued in office until on or about the 15th day of July, 1894, by new elections, made from year to year, Frey did not give a new bond; and that the defalcation for which it is sought to hold the executors of the surety (Kraemer) liable occurred subsequent to the said first term of office. Plaintiff claims that the bond covers the entire time during which Frey acted as such grand treasurer, while the defendants contend that, as the defalcation occurred after the first year, they are not liable. The question thus arises whether said bond was a continuing security for the period during which Frey actually continued in office, or was only to cover the year for which he was first elected. It is well settled that where an officer of a private corporation gives a bond conditioned for the faithful performance of his duties, and unlimited as to time, such bond is only for the term for which the officer had been elected at the time it was given, and that the sureties thereon are not liable for any breach of the condition happening after the expiration of the term, although the officer may be continued in office under the same or a new appointment or election, unless the bond has been renewed (Insurance Co. v. Clark, 33 Barb. 196; Overacre v. Garrett, 5 Lans. 157; 17 Am. & Eng. Enc. Law, p. 70, subd. 4; Bigelow v. Bridge, 8 Mass. 275; Railroad Co. v. Elwell, 8 Allen, 371; Chelmsford Co. v. Demarest, 7 Gray, 1; Society v. Johnson, 1 McCord, 41; Dover v. Twombly, 42 N. H. 59; Treasurer v. Mann, 34 Vt. 371; Welch v. Seymour, 28 Conn. 387; Association v. Miles, 16 Fla. 204; Harris v. Babbitt, 4 Dill. 185, 11 Fed. Cas. 612. And see Kellum v. Clark, 91 N. Y. 390, 393), or failing a stipulation that the sureties shall be liable during any successive term of office to which the officer may be elected or appointed (Trustees v. Dean, 130 Mass. 242. See Bissell v. Saxton, 66 N. Y. 55, 60; Lewison v. Hoffman, 8 Misc. Rep. 583, 586, 29 N. Y. Supp. 1119). Applying these rules to the present case, Frey's office having been for but one annual term, it follows that, in the absence of a special stipulation on the part of the surety to be liable for defalcations occurring during a subsequent term of office, the obligation of the bond did not extend beyond the year for which the principal was first elected; and that, as the defalcation occurred subsequent to this period, the defendants are not liable. The case of Institution v. Feltz (N. Y. App.) 25 N. E. 952, and Id. (Sup.) 4 N. Y. Supp. 607, cited by the plaintiff, has no application to the question presented. In that case the bond was conditioned for the faithful and honest discharge of the principal's duties "as clerk, or in whatever capacity he may serve said bank," and it was held that the same covered defaults committed after his promotion to a different position. Here

we have no such situation, this bond being conditioned for the faithful performance of the duties of but one specified office embracing none connected with other possible positions.    For these reasons the motion to set aside the verdict and for a new trial must be denied.