CASE 47.—CONTROVERSY BETWEEN D. C. POINTS, AS GUARDIAN OF BADIE R. FRANK, AND HIS SAID WARD, AS TO HIS LIABILITY AS GUARDIAN.— October 9, 1901.

## Points, &c. v. Frank.

Appeal from Grant Circuit Court.

From the judgment Points, as guardian, took a cross-appeal.—Reversed and remanded.

1. Heirs—Debts of Ancestor—Liability—Guardian and Ward—Distribution to Ward—Refunding Bond—Pending Litigation—Favorable Termination—Reversal of Judgment.—The heir is liable, to the extent of assets received, for the whole claim of a creditor of the ancestor.

2. It was error to require a guardian upon the arrival of the ward at age, to distribute to the ward the whole estate without requiring of her a refunding bond or other security, when there was pending against the guardian an action upon an alleged liability of the ward for a debt of the ancestor, and though that action has since been dismissed and a judgment directing the guardian to pay over the entire estate with interest from date of settlement, would now be proper, the judgment to that effect already rendered must be reversed.

C. C. CRAM and D. C. POINTS for appellants.

W. D. MOODY for appellee.

OPINION OF THE COURT BY JUDGE HOBSON— Reversing.

Appellant D. C. Points qualified as guardian of appellee Badie Frank, and had in his hands as such something over $4,500.00, which came to her from the estate of her father, W. G. Frank. The Grant County Deposit Bank brought suit against Points,

the guardian, alleging that W. G. Frank, while cashier of the bank, had negligently suffered the funds of the bank to be checked out on overdrafts to the amount of $11,000.00, and judgment was sought against him for the whole debt. He resisted the claim, and on final hearing the Grant circuit court in which the action was pending, gave judgment against him for $1,779.15, and dismissed the balance of the claim of the bank. Both parties excepted to this judgment. The bank appealed to this court, executing a supersedeas bond and superseding the judgment. Points as guardian took a cross-appeal. While the case was pending in this court, the ward became of age and filed suit against the guardian to surcharge his settlement and to recover from him the estate in his hands. He set up the facts above stated, but on final hearing the circuit court adjudged him to pay over to Badie Frank all the money in his hands, less the amount which it had adjudged that he should pay the bank, amounting then, with interest, to something over $1,800.00. To this judgment he excepted, and prosecutes the appeal now before us.

The bank having taken an appeal from the judgment dismissing the larger part of its claim, and having superseded that judgment, the case stood essentially as though no judgment had been rendered and the action was still pending in the court of original jurisdiction; for Points had also appealed and both the appeals were pending and under submission in this court, the bank claiming that it should have had judgment for the full amount of its demand, and Points that no judgment in its favor should have been rendered. If this court decided in favor of the bank, there would be nothing coming to the ward.

If it decided in favor of Points on his appeal, the whole estate in his hands would go to the ward. The question presented, therefore, is: Can a guardian who has been sued on an alleged liability of his ward for a debt of the ancestor, be required to distribute the entire estate in his hands to the ward on becoming of age, leaving nothing in his hands to meet any judgment that may be rendered in the creditor's action against him?

Section 2030, Kentucky Statutes, provides:

"A guardian shall discharge the liabilities of the ward for the debts of the ancestor out of his personal estate, and when the personal estate with the rents of the real estate is not sufficient therefor, he may by petition to a court of his county having equity jurisdiction, obtain leave to sell land for that purpose."

The estate in the hands of Points as guardian was personalty. The heir is chargeable to the extent of assets received for the creditor's whole claim. (Rubel v. Bushnell, 91 Ky., 251.) It was, therefore, Points' duty as guardian to pay the entire liability of the ancestor to the bank to the extent of the assets in his hands, and this liability to the bank on his part could not be defeated by a distribution made by him to his ward on becoming of age during the pendency of a suit against him; for the creditor had the superior right and the trustee would have paid the money to the ward at his peril.

In Perry on Trusts, it is said:

"If through any misapprehension on the part of a trustee he makes a payment to a person not authorized by the terms of the trust to receive it, he will be held personally responsible for the misapplication, to the persons who can establish a better right; and

the advice of counsel will not protect him in making
a wrong payment.'' (Section 927.)

"A trustee cannot be expected to incur the least
risk in the distribution of the trust fund. There-
fore, when there is a mere shadow of doubt as to the
rights of the parties he may require a bond of in-
demnity.'' (Section 928.)

The common law rule as to the payment of debts
is thus stated in the American and English Ency-
clopedia of Law, vol. 11, page 913, 2nd edition:

"So, too, the executor or administrator is liable
at common law irrespective of whether or not he had
notice of the claim of the creditors at the time of the
payment to the legatee or the distributee. But he
is not liable to a creditor who misled him so as to in-
duce him to pay out the assets to legatees and dis-
tributees, though it seems that mere delay to assert
his claim on the part of the creditor will not have
such effect. In modern times the rigor of the law
in this respect has been greatly modified.''

The modifications referred to relate to payments
made without notice of the claim. In Johnson v.
Fuqua, 31 Ky. 514, Jeeter v. Durham, 29 Ky. 228,
the personal representatives were held liable for
debts of the decedent which they had failed to pay
where they had distributed the estate without taking
a refunding bond. The same rule was applied in
Hooser v. Hooser, 3 R., 796, although in that
case he thought the debt was satisfied. So,
too, trustees are held responsible where they
distribute part of the assets, retaining some
for the payment of debts which afterwards
deteriorate or depreciate in value. (Lanier v.
Huguley, 91 Ga., 791; McIntosh v. Hambleton, 89
Amer. D., 276; Morrison v. Lavell, 81 Va., 519.

Under these principles, Points as guardian should not have been adjudged to distribute the entire estate to his ward while the action against him upon the liability of the ancestor was pending and undetermined, without the execution to him of a refunding bond or other adequate security for his protection.

Since this appeal was taken, a judgment has been rendered in the suit against the guardian by which the judgment of the trial court was affirmed on the appeal of the bank, and reversed on the cross-appeal of Points as guardian, with directions to that court to dismiss the petition of the bank. (See Grant County Deposit Bank v. Points, 22 R., 105.) And on the return of the cause, a judgment may be entered directing him to pay over to the ward the entire estate with interest from date of his settlement. But it was his duty in the discharge of his trust to resist the claim of the bank. He faithfully performed this duty, and by his diligence has protected the estate of his ward from loss. He would have been liable to the bank to the extent of the assets in his hands for the amount of any judgment rendered against him in the action.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.