EMMA C. THOMPSON, ADMINISTRATRIX, ET AL. V. JOHN RUSH ET AL.

FILED DECEMBER 17, 1902. No. 11,895.

Commissioner's opinion, Department No. 1.

1. **Bond: SURETIES: RECITALS: ESTOPPEL: OBLIGATION.** The sureties upon a bond will, as a rule, not be permitted to deny the facts recited in the obligation which they have signed.

2. ——: ——: RECEIPT. An instrument signed by the principal in a trustee's bond, acknowledging the receipt of a certain fund, describing it, and stating further, "said sums of money to ·be invested in safe securities and paid over in accordance with the requirements of a last will and testament of Mrs. A. V. H.," is, as against the sureties on such trustee's bond, prima-facie evidence that the fund was received by their principal.

3. **Will: DISTRIBUTION: AGREEMENT.** Where all the parties beneficially interested in a certain estate mutually agree that the estate shall be distributed in accordance with the provisions of the will of the testate, the sureties on the bond of a trustee into whose hands a legacy came for investment and safe-keeping, can not, after their principal has failed to account, allege that the estate has never been legally distributed in accordance with the will.

4. ———: **TRUSTEE: EVIDENCE.** Where the evidence shows that a trustee, who, under the terms of a will, has been put in possession of a fund for investment and safe-keeping, the income to be paid to one beneficiary, and the principal subsequently to be paid to the children of such beneficiary, receives the fund, paying over the income accordingly for many years, when he ceases longer so to do, refusing to make further payments, and finally dies insolvent, the presumption arises that the fund has been lost, and the burden is upon the sureties of the trustee's bond to show that the fund is still in existence; and failing so to do, they will be held liable.

5. **Objection: MISJOINDER: APPEAL.** The objection that there was a misjoinder of parties plaintiff can not be urged for the first time on appeal.

6. **Evidence.** Evidence examined, and *held* not to sustain the findings and judgment of the trial court.

ERROR from the district court for Douglas county. Action by an administratrix upon a bond. Tried below before DICKINSON, J. Judgment for sureties. *Reversed.*

*Byron G. Burbank,* for plaintiffs in error.

*Westel W. Morsman* and *Edgar M. Morsman, Jr.,* contra.

KIRKPATRICK, C.

This suit was instituted by Emma C. Thompson, as administratrix of the estate of Ann Von Heilen, deceased, and other plaintiffs, making Charles Burmester and John Rush defendants. The petition alleges that Emma C. Thompson, administratrix, and Annie A. Heins, are daughters of Ann Von Heilen, deceased, and that the other plaintiffs are grandchildren of Ann Von Heilen; that the latter died testate, October 13, 1884, at Carlisle, Cumberland county, Pennsylvania; and that on September 6, 1884,

letters of administration were issued to Emma C. Thompson, plaintiff. The petition set out the will in full, the item material for consideration herein being as follows:

"The remainder of my estate I direct shall be equally divided among my said children, Annie, Emma, Alice, Adolphus and Mary, said remainder to include what shall remain in the hands of my executor, including the three thousand dollars paid by my said children, Emma and Edward, or either of them, for my said house and lot, should they take it, as hereinbefore provided, after the payment of the legacies hereinbefore bequeathed to my children, Emma, Edward and Mary. I direct that the shares due by this item of my will to my daughters Annie and Alice shall be held in trust by my said executor, the interest thereof to be paid them annually, during their lives, and at their deaths the said principal sums to be bequeathed share and share alike among their children then living share and share alike, and in default of children then living share and share alike, among the said Emma, Edward, Mary and Adolphus, or the children of any that may have died, then living, children only to take the deceased parents' share. I direct, however, that from the share of my daughter Annie, the sum of five hundred dollars borrowed from me and due me by her husband, W. F. Heins, shall be deducted, unless he shall pay the same to me or my executor before distribution," etc.

It is alleged in the petition that Peter Spahr was appointed executor and trustee by the terms of the will, and that he refused to qualify, and plaintiff in error Emma C. Thompson was thereupon duly appointed executrix with the will annexed, and trustee of the special fund named in the will; that Emma Thompson, as trustee, received in trust for Annie A. Heins and her children named the sum of $1,320; that desiring to be discharged and released from said trust, she delivered said trust funds to Benjamin P. Knight, of Douglas county, Nebraska, on the 24th day of October, 1885; that said Knight received the trust funds, and to secure the faithful discharge of the trust in accord-

ance with the terms of the will, on the 21st day of October, 1885, executed to Emma C. Thompson, executrix, a bond in the penal sum of $3,000; and that defendants John Rush and Charles Burmester signed such bond as sureties thereon. A copy of the bond is attached to the petition. It was further alleged that for the term of eleven years after October 24, 1885, the time he received the funds, Knight paid to the plaintiff Annie A. Heins, the interest and income from the trust funds in accordance with the provisions of the will; that on and after the 21st day of April, 1896, Knight, as well as defendants in error, failed and neglected to pay to said Annie A. Heins any portion of the sums so arising as income from the trust funds; that on the 21st day of April, 1896, Knight became, and thereafter remained up to the time of his death, wholly insolvent; that he left no estate, and that no administrator of his estate was ever appointed; that the terms of the bond given by Knight and the defendants have been violated and broken, and the trust fund, amounting to $1,320, has been wholly wasted, dissipated and lost by Knight; and that Knight wholly failed and neglected to pay the income arising from the trust fund to plaintiff Annie A. Heins, although often requested so to do. Judgment for $1,320 with interest from April 21, 1896, against the defendants Rush and Burmester was prayed for.

To this petition an answer was filed by defendants, admitting the death of Ann Von Heilen; the relationship of the parties to deceased; the execution and probate of her will; that the executor named refused to act; that Emma C. Thompson was appointed administratrix; that the bond, a copy of which was set out in the petition, was executed by Knight, and the defendants as sureties; the death of Knight; and that no administration of his estate was ever had. It was admitted that Emma C. Thompson was appointed trustee of a special fund mentioned in the last will and testament of Ann Von Heilen; that the will of deceased was in the terms and contained the conditions as set out in the petition; and denied each and every other allegation of the petition.

By permission of the court, Ferdinand Haarman, Charles Haarman and John Haarman, partners under the firm name of Haarman Brothers, intervened in the action, and set up an assignment made by plaintiff Annie A. Heins of a portion of the income to be derived from said trust fund to them for security for certain indebtedness due them from her. The parties last named failed to prosecute error proceedings, but by permission of this court, were made parties defendant in this proceeding, and their relation to the proceedings needs no further consideration. To the answer was filed a reply containing a general denial. There was judgment for defendants in error.

It is contended by plaintiffs in error that the judgment of the trial court is contrary to law, and is wholly unsupported by any competent evidence. Defendants in error, in support of the judgment, maintain that it should be affirmed for the following reasons: (1.) That the evidence does not disclose that the trust fund had ever been ascertained, separated or set apart by the court in which the will of Ann Von Heilen was probated, and that until such trust fund was set apart and ascertained, neither the trustee nor his bondsmen would be responsible, and that the liability for the trust fund would rest upon plaintiff in error Emma C. Thompson, as administratrix. (2.) That the testimony wholly failed to show a breach in the conditions of the bond; that, so far as disclosed by the record, the fund may still be in existence, properly invested in accordance with the provisions of the will. (3.) That both the motion for a new trial and the petition in error are joint; that Annie A. Heins has no interest in the principal fund, and that her children have no present interest in the fund itself; that, therefore, the judgment of the trial court was correct as to Annie A. Heins and her children, and because the motion for a new trial and the petition in error are joint, this court can afford no relief.

The bond executed by defendants in error, heretofore set

out, recites the appointment of Emma C. Thompson as executrix; the existence of a trust fund to be paid to Annie A. Heins and her children in accordance with the terms of the will of Ann Von Heilen, deceased; the appointment of Emma C. Thompson as trustee of such fund; that she desired to relieve herself from such trust; and that by mutual consent of all parties, Benjamin P. Knight was appointed trustee of the trust fund.

The rule seems to be settled, upon authority, that sureties upon a bond will not be permitted to deny facts recited in the instrument which they have signed.

Brandt, Suretyship & Guaranty [2d ed.], sec. 42, says: "The general rule is that sureties are estopped to deny the facts recited in the obligations signed by them, and this whether the recitals are true or false in fact. Having once solemnly alleged the existence of the facts they can not afterwards be heard to deny it."

In *Dunterman v. Storey*, 40 Nebr., 447, this court said "the surety * * * is estopped, in a suit on such bond, from alleging that no such transcript and petition in error had, at the time of the execution of said supersedeas bond, been in fact filed in the supreme court."

It is contended by defendants in error that the evidence does not establish that Benjamin P. Knight was ever appointed trustee of the fund. The bond recites that he was appointed such trustee by mutual agreement of all parties concerned.

In *Hayden v. Cook*, 34 Nebr., 670, the bond recited that the principal had contracted with the obligee to construct and complete a building for a stipulated sum according to contract. Neither of the parties to the contract had signed it. The contention of the sureties was that there was no proof of a written contract between Cook, the contractor, and Hayden, the owner. It was held that the sureties were estopped by the recitals of their bond to deny the execution of the contract.

In the case of *Blaco v. State*, 58 Nebr., 557, the sureties attempted to show that the law creating the office to which

their principal had been appointed was unconstitutional. This court, in discussing the liability of the sureties, said: "They will not be permitted afterwards, when sued on such bond, to deny the validity of the act creating the office."

In *Fridge v. State,*\* 3 Gill & J. [Md.], 103, 114, it was said: "Owen Dorsey having given his bond, in which he is stated to be the guardian of E. A. K., and having obtained possession of her property, it would not in a suit against him, have lain in his mouth to deny that he was guardian, in the very face of the recital in his bond, or to set up any supposed irregularity in obtaining the appointment; the recital in the bond being evidence, as against him, that he was guardian. Nor does it lie in the mouth of his surety, against whom the recital is equally evidence."

*Gray v. State,*† 78 Ind., 68, was a case in which the bond recited "that as the above bounden Elisha Mills, guardian of Frank A. Mills and Clara M. Mills, \* \* \*. Now, if the said Elisha Mills will faithfully discharge the duties of his trust according to law," etc. The court ordered the guardian to sell the lands of his wards, which he did, and received payment therefor. The sureties sought to show the guardian was illegally appointed. The court said (p. 70): "All the facts necessary to create an estoppel are present. The bond was executed, the recital made, the order procured and the money of the relator obtained, and to allow the appellants to avoid its payment by a denial of their own recital would result in such manifest injustice that no court, it seems to us, ought to hesitate in applying the doctrine of estoppel in exclusion of such defense." *Bassett v. Crafts,* 129 Mass., 513; *Williamson v. Woodman,* 73 Me., 163, 166; *Cutler v. Dickinson,* 8 Pick. [Mass.], 385, 387.

In Perry, Trusts [5th ed.], section 274, it is said that a trustee "may be discharged, and a new trustee appointed, by the agreement and concurrence of all the par-

\* 20 Am. Dec., 463.          † 41 Am. Rep.. 545.

ties interested in the trust." Section 285 *Idem.* In section 920 it is said: "There can be no doubt, upon principle, that, when all those who have the entire legal and beneficial interest in the property agree to dispose of it in a particular manner, courts will give effect to their agreements."

It is contended by defendants in error that there is no evidence that Knight, their principal, ever received the special fund for the repayment of which they are sought to be charged. Knight gave to Mrs. Thompson two different receipts, one of which, as it appears of record, was in the words following:

"Received of Mrs. Emma Thompson, as the trustee of Mrs. Annie A. Heins and children, by James F. Morton, their attorney in fact, a draft for the sum of $724.94, together with note of Wm. F. Heins for the sum of $500 with interest thereon at eight per cent. from January 1, 1883. The said sums of money to be invested in safe securities and paid over in accordance with the requirements of a last will and testament of one Mrs. Ann Von Heilen, late of Carlisle, Cumberland county, Penn. Done at Omaha, Neb., December 4th, 1885.

"(Signed)               BENJAMIN P. KNIGHT,
                  *"Trustee for Annie A. Heins."*

It is disclosed by the evidence that the money represented by the note was subsequently paid to Knight. Knight afterwards, in writing, acknowledged that he held money in trust, amounting to the sum of $1,320. There would seem to be no question that Knight received the trust fund, and there can be no doubt, we think, that the receipt quoted is, as against the bondsmen, prima-facie evidence that their principal received the trust fund. Perry, Trusts [5th ed.], sec. 416; 2 Brandt, Suretyship & Guaranty [2d ed.], sec. 627; *United States v. Cutter,* 2 Curtis [U. S. C. C.], 617; *Blair v. Perpetual Ins. Co.,* 10 Mo., 559; *Matthew v. FitzWilliam,* 12 Mo. App., 445, 449; *McKim v. Blake,* 139 Mass., 593.

It is contended by defendants in error that there is no evidence to prove that the estate of Ann Von Heilen was ever distributed in accordance with the will, or that there was any residue of the estate to create the trust fund, which it is alleged came into the hands of Knight as trustee. We are unable to see merit in this contention. If the parties interested in the estate saw fit to divide and distribute it among themselves in accordance with the terms of the will, and if it was done in that manner, and the money paid to Knight as trustee, neither he nor his bondsmen can escape liability upon the claim that the estate had not been distributed by order of the court. *Walworth v. Abel,* 52 Pa., 370; *Weaver v. Roth,* 105 Pa., 408, 413; *Franklin v. Hammond,* 45 Pa., 507.

We are of opinion that the evidence is amply sufficient, when aided by the presumption that Mrs. Thompson did her duty as executrix and trustee, to show that the $1,320 which Knight received was the trust fund arising under the terms of the will for the benefit of Mrs. Heins and her children. *Tecumseh Town Site Case,* 3 Nebr., 267, 284; *Green v. Barker,* 47 Nebr., 934, 947.

It is contended that the testimony wholly fails to show a breach in the condition of the bond; that the fund may still be in existence, properly invested in accordance with the provisions of the will. This contention seems to be wholly without merit. The evidence shows that Knight received the money as trustee; that he regularly paid the interest thereon to Mrs. Heins for many years; that he finally ceased paying interest, and failed to account for the funds, though often requested so to do; that he finally died wholly insolvent. No evidence was offered by the sureties showing that the fund was still in existence or had been invested, and we think the evidence was sufficient to make out a prima-facie case against them.

It is finally contended that Annie A. Heins has no interest in the principal fund, and that her children have no present interest in the fund itself; that the motion for a new trial and the petition in error being each joint as to

all plaintiffs, this court can afford no relief to plaintiffs in error. We think this contention can not be sustained. No objection was made by motion or otherwise at the trial to the alleged misjoinder of parties. It is apparent that all the plaintiffs have some interest in the fund. While such interest is not identical, the defendants in error having failed to raise timely objection to their joinder, it would seem that they can not now object.

We are of opinion that, under the pleadings and the evidence introduced, plaintiffs in error were entitled to judgment. The judgment of the trial court is wrong, and it is recommended that the same be reversed and the cause remanded for further proceedings in accordance with law.

HASTINGS, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause is remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.