debtedness to the materialman. ' Noel v. Murray, 13 N. Y. 167. There are no extrinsic facts tending to show that it was so received. The contract was not performed, as defendants would show, because the specifications required construction violative of the building code, although Lindner indicates some pecuniary embarrassment on his part. The owner ascribes the contractor's failure to pecuniary inability. In reality there could be no fund, but only a debt from the owner to the contractor, on which the order could and would operate, if it existed, as if it were a fund. But its existence could always be a subject of controversy, and when, as here, there was no performance, and the debt is merely one for breach of contract, it cannot be inferred that the parties to the order intended it, unless paid, to discharge the original indebtedness.

The judgment should be affirmed, with costs. All concur, except CARR, J., not voting.

---

SPRING GARDEN INS. CO. v. DOLAN et al. (No. 341–62.)

(Supreme Court, Appellate Division, Third Department. January 6, 1915.)

EVIDENCE (§ 121*) — ADMISSIBILITY — DECLARATIONS OF PRINCIPAL — ACTION AGAINST SURETY.

In an action on the bond of an insurance agent, conditioned that he keep correct records and make true reports to the company, the records and reports of the agent, which were incorrectly kept, so as to show that his receipts were less than they actually were, were admissible against the sureties as declarations or admissions of the principal in the transaction of the particular business which the bond was given to protect.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 303, 307–338, 1117–1119; Dec. Dig. § 121.*]

Appeal from Trial Term, Greene County.

Action by the Spring Garden Insurance Company against Michael Dolan and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

N. A. Calkins, of Coxsackie, for appellants.

White, Cheney, Shinaman & O'Neill, of Syracuse (Jerome L. Cheney, of Syracuse, of counsel), for respondent.

WOODWARD, J. The complaint alleges that the plaintiff is a foreign corporation authorized to do business in this state, and that on or about the 2d day of November, 1905, one Arthur J. Collier made application to the plaintiff for a local insurance agency, presenting therewith a bond duly executed, conditioned upon his faithful discharge of the duties and obligations of the agency; that such bond was duly accepted by the plaintiff, and that said Arthur J. Collier entered upon the discharge of his duties as such agent; that the said Arthur J. Collier did not honestly and faithfully discharge the duties

as such agent, etc., but, on the contrary, the said Arthur J. Collier sold as agent for the plaintiff certain policies of insurance at various times during the continuance of the said agency, receiving therefor as gross premiums the sum of $774.60, of which sum the said Arthur J. Collier failed to account, except the sum of $322.22, retaining and reserving $452.28 of the property of this plaintiff wrongfully and unlawfully without making proper accounts and statements thereof, and without the consent of the plaintiff, and in such respects failed to well, faithfully, and honestly perform his duties as such agent, and the said Arthur J. Collier refused and neglected to pay over to the plaintiff the said amount, or any part thereof, although due demands have been made. The complaint alleged that notice of these defaults had been given to the defendants in this action, the sureties upon the bond above mentioned, and claimed damages in the amount of $452.28. The defendants admitted the fact of the plaintiff's incorporation, and that they had been notified of the alleged defaults on the part of the said Arthur J. Collier, and as to the remaining matters it is alleged that the defendants have no knowledge or information sufficient to form a belief, and several matters, by way of alleged defenses and counterclaims, are set forth; but no serious effort to establish the same was made upon the trial, and the learned court has given judgment in favor of the plaintiff for the full amount of the damages claimed, with costs. The defendants appeal from the judgment.

The appellants urge upon this appeal that there was error in the admission in evidence of certain records of the office of Arthur J. Collier, the principal in the bond upon which this action is brought, and while it is now suggested that there is some defect in the proofs as to the plaintiff's loss through the conduct of the said Arthur J. Collier, the motion of the defendants to dismiss was upon the ground that "the plaintiff has not made out a cause of action by any competent or legal proof, no liability of the defendant as surety for Arthur J. Collier," and it seems to have been assumed that if the evidence was competent it established the necessary facts. Indeed, it is practically admitted on this appeal that there is evidence by implication that Arthur J. Collier did receive moneys belonging to the plaintiff, and his records in evidence show that he had not paid the same over at the time of the adjustment of the sum in default. This bond was for $500, and it was conditioned upon Arthur J. Collier properly performing the duties of his position. Among these conditions specifically were the requirements that:

He "shall duly and properly account for, pay over, and apply all sums of money which may be received by him as such agent, * * * whether for premiums of insurance, or with which to pay losses, or upon salvages, collections, or otherwise, and shall also duly and properly account for and apply all goods, chattels, or other property which may come into his hands or possession, or under his control, for and in behalf of the said insurance company, and shall keep true and correct register of all policies issued for the company, and all entries, charges, or indorsements thereon, and make regular and correct reports thereof and of all business transacted by him to the said company, and shall in all other respects well and faithfully discharge and perform his duties as agent, and shall upon the termination of his agency, from whatever cause, deliver up and hand over all of the money,

books, policies, blanks, accounts, property, effects, and other things belonging to the said insurance company," etc.

Obviously it was proper, where the bond guaranteed that the principal would "keep true and correct register of all policies issued for the company, and all entries, charges, or indorsements thereon, and make regular and correct reports thereof and of all business transacted by him to the said company," to show by the register of policies and the other records of Arthur J. Collier's office that he had failed to perform this condition. These records were, in general, identified by Arthur J. Collier, the principal, and the evidence all showed that the records, such as they were, were either sent to the company by Collier or his representatives, or were found in his office, and there is no reason which suggests itself to us why these were not perfectly competent evidence as against the defendants. The records as they were developed upon the trial showed conclusively that they were not properly and honestly kept. They were juggled in such a manner as to show smaller receipts on the part of Collier than were due upon the policies issued, and there was, therefore, a breach of the condition of the bond, which entitled the plaintiff to recover. We are of the opinion that the evidence in this case is well within the rule that, where the declarations and admissions of the principal are made in the transaction of the particular business which the bond was given to protect, so as to become a part of the res gestæ, it is competent and proper. See Howe Sewing Machine Co. v. Farrington, 16 Hun, 591; Lewison v. Hoffman, 8 Misc. Rep. 583, 29 N. Y. Supp. 1119; Hatch v. Elkins, 65 N. Y. 489, 496, citing 1 Greenleaf on Evidence, § 187.

The judgment appealed from should be affirmed, with costs. All concur.